```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

Namphauyo Johnson,              :
    Petitioner,             :
                                    :
    v.                          :   File No. 1:08-cr-00035-jgm
                                    :
United States of America,       :
    Respondent.             :

                         OPINION AND ORDER
                            (Doc. 194)

    Namphauyo Johnson, a federal inmate proceeding *pro se*, has filed a motion pursuant to 18 U.S.C. § 3664(k), asking the Court to exempt him from the Federal Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP").  The government opposes the motion, arguing that Johnson may only seek relief from the IFRP program under 28 U.S.C. § 2241, and that a § 2241 petition must be filed in the judicial district where Johnson is incarcerated.  Johnson is currently imprisoned in a federal facility in West Virginia.

    On August 11, 2009, the Court sentenced Johnson to 77 months in prison, to be followed by three years of supervised release.  The Court also ordered restitution, due immediately, and payable in an amount of "at least 10% of the defendant's gross monthly income until the financial obligation is paid in full."  (Doc. 151 at 4.)  Johnson now claims he has no "legitimate employment," and he "cannot guarantee money being present in his personal prison account . . . ."  (Doc. 194 at 3-4.)  He also contends he

was forced to sign the IFRP contract "under total duress and coersion," that inmates are threatened with a loss of privileges if they do not participate in the IFRP program, and that the BOP should not be acting as "a collection agency." (Id. at 4.) Accordingly, he asks the Court to exempt him from the IFRP program, and instead to allow him to begin making restitution payments once he begins his period of supervised release.

The government is correct that 18 U.S.C. § 3664(k) does not address Johnson's claims.  Section 3664(k) states, in relevant part, that

> the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution . . . .  Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).  Johnson is not asking for an adjustment in a payment schedule, nor has he provided documentation of a "material change" in his financial status.  Instead, he challenges the BOP's execution of the IFRP program, calling it "forced" and "coercive," and is concerned that the BOP's actions may be "in complete odds" with the Court's Judgment Order.  (Doc. 194 at 4.)

The IFRP program "is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28

U.S.C. § 2241." United States v. Diggs, 578 F.3d 318, 319 (5th Cir. 2009) (noting that "[a]ll other circuits to look at this issue agree that prisoners challenging their IFRP payment plans must do so under § 2241"); see also McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) ("The IFRP payment schedule and the sanctions imposed for noncompliance are part of the execution" of defendant's sentence and are therefore within the "rubric of a § 2241 habeas petition."); Dunlea v. Federal Bureau of Prisons, 2010 WL 522715, at *1 (D. Conn. Feb. 8, 2010) ("An inmate's challenge to IFRP practices is correctly brought pursuant to 28 U.S.C. § 2241.").

A § 2241 petition must be filed in the judicial district with jurisdiction over the inmate's current custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Because Johnson is not incarcerated in Vermont, this Court has no jurisdiction to review his claim. Accordingly, his motion is DENIED without prejudice.

Dated at Brattleboro, in the District of Vermont, this 10th day of May, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge